# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BRANDON LEWIS,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )   Case No. CIV-13-308-JHP-KEW
                                        )
CAROLYN W. COLVIN, Acting               )
Commissioner of Social                  )
Security Administration,                )
                                        )
            Defendant.                  )

## REPORT AND RECOMMENDATION

Plaintiff Brandon Lewis (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 13, 1970 and was 42 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a laborer. Claimant alleges an inability to work beginning January 1, 2001 due to limitations resulting from hepatitis C, cirrhosis of the liver, alcoholism, depression, seizures, and low IQ.

**Procedural History**

On December 31, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and on December 17, 2009 for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 10, 2011, Claimant appeared at an administrative hearing before Administrative Law Judge ("ALJ") Trace Baldwin. On January 13, 2012, the ALJ issued an unfavorable decision. The Appeals Council denied review of the ALJ's decision on May 10, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ determined that mental impairments met Listings but that if Claimant stopped his substance abuse, his remaining limitations would not cause more than a minimal impact on Claimant's ability to perform basic work activities and, therefore, Claimant would not have a severe impairment or combination of impairments. As a result, the ALJ determined Claimant was not disabled during the relevant time period.

**Error Alleged for Review**

4

Claimant asserts the ALJ committed error in (1) the drug and alcohol abuse analysis; and (2) failing to fully and fairly develop the record.

**Substance Abuse Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of cognitive problems secondary to polysubstance abuse, full scale IQ below 70 in the context of ongoing polysubstance abuse, personality disorder, NOS with antisocial and dependent features, polysubstance abuse, hepatitis C, and alcohol withdrawal seizures. (Tr. 44). He found Claimant met Listings 12.02, 12.08, and 12.09 but that if Claimant stopped the substance use, his remaining limitations would not cause more than a minimal impact on Claimant's ability to perform basic work activities. Therefore, the ALJ concluded Claimant would not have a severe impairment or combination of impairments and not be disabled. (Tr. 44-45).

Curiously, the ALJ made a quite different analysis of the evidence at the hearing. The exchange proceeded as follows:

> ALJ: You have Hepatitis C because you use drugs. You use IV drugs, that's what I'm understanding. You have Hepatitis C because of that?
>
> Clmt: Yes, sir.
>
> ALJ: You have cirrhosis of the liver. You have some depression, seizure disorder, and borderline IQ. You

5

know, counsel, this case would be just a clear-cut slam dunk. I mean, he's got marked, marked, marked 12-02.8 and 9. He's got a 61 IQ, he's obviously got Hepatitis C and all these other disorders, but I can't separate his substance abuse from his intellectual functioning. Is he still using? Is he still drinking? Are you still drinking?

Clmt: No, sir.

\* \* \*

Atty: Your honor, if I might comment on what you said, and I think we're probably on the same page. DDS set him at, he met the listing, and we have the brain damage documented back in '03 when they did the C-scan at Exhibit 1A. . . . The question is whether or not the problem would continue if he quit drinking. I think that with the IQ of 61, I don't think there's going to be much improvement even if we did quit. . . .

\* \* \*

ALJ: I'm going to find he meets the listing, at least for one of these. I don't know how I'm going to do it, but he's got three marked. I'll take away; I'll find him disabled on Hepatitis C because I just find he's less than sedentary, but Im going to recommend a representative payee for your benefits, because I don't trust you. I think if I give you a disability, what you're going to do is you're going to go spend it on alcohol and you're just going to kill yourself. So I'm going to recommend a representative payee to monitor your finds for you because I don't think you're competent to handle them.

Clmt: Yes, sir.

ALJ: I'll set your case for a CDR review in 12 months. They're going to look at you again. Okay? And if they come back and tell me that you're still drinking, then

>they're probably going to cut you off. Right?
>
>Clmt: Yes, sir.

(Tr. 60-67).

The ALJ based his finding that Claimant's impairment would not be severe if he quit abusing alcohol upon the Medical Expert Interrogatory posed to Dr. Barbara Felkins, who reviewed the documentary record. In the most bare-bones finding imaginable, Dr. Felkins states that "Substance abuse is material. Absent substance abuse he would not meet or equal a listing." (Tr. 627). Dr. Felkins makes no reference to the medical record or even a scant basis for such an conclusion so important to the finding of disability in this case.

The ALJ also references the April 1, 2010 report of Dr. Robert Spray, a consultative examiner. The ALJ concluded that Claimant's low cognitive functioning scores were in the mild mentally retarded range of intelligence but that the decrease may be attributable to substance abuse. (Tr. 48-49). However, nothing in Dr. Spray's report indicates that Claimant's cognitive functioning will return should he cease any substance abuse.

The Social Security Act provides that an individual would not be considered disabled if alcoholism or drug addiction were a "contributing factor material to the Commissioner's determination

that the individual is disabled." Salazar v. Barnhart, 468 F.3d 615, 622-23 (10th Cir. 2006). To that end, the Commissioner must determine whether the individual would still be disabled if he or she stopped using drugs or alcohol. Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001). Careful consideration is to be given to periods of abstinence. Salazar, *supra* at 623. If a claimant's mental impairments cannot be separated from the effects of substance abuse, then the claimant's drug and alcohol addiction is not a contributing factor material to the disability determination. Id. at 624. Additionally, in accordance with an explanatory teletype issued by Defendant, "where the record is devoid of any medical or psychological report, opinion, or projection as to the claimant's remaining limitations if she stopped using drugs or alcohol, an ALJ should 'find that DAA is not a contributing factor material to the determination of disability." Id. at 623.

Defendant's protestations to the contrary notwithstanding, the ALJ expressly stated that he could not separate Claimant's substance abuse from his intellectual functioning. (Tr. 60). As such is the case, the ALJ's findings and the evidence are irreconcilably in conflict. On remand, the ALJ shall re-evaluate the effect of Claimant's substance abuse upon his impairments and consider whether the severity of the impairment would improve upon

abstinence such that Claimant would be able to engage in basic work activities.

## Duty to Develop the Record

The ALJ should develop the record further by re-contacting Claimant's treating physicians.  As is evident from Dr. Felkins' responses to the ALJ's written interrogatory, this form of inquiry can be wholly unenlightening given the lack of development for the basis of the medical professional's findings.  The ALJ shall consider making a more detailed inquiry of these professionals than the generalized form.  Further, given the misleading character of the ALJ's findings at the hearing in comparison with his written findings, he should consider conducting a further full evidentiary hearing in this case focusing upon the substance abuse issue.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the

court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE